VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

STEPHANIE A. BROWN,

    Plaintiff,

v.                                             Civil Action No.: 3:20-cv-762

NIKLOADS, LLC,
a Georgia corporation,

and

JOSHUA HULSEY,

    Defendants.

SERVE:  Nikloads, LLC
         c/o Andrey Nikitendo, Registered Agent
         3152 N. Woods Trail
         Douglasville, GA 30135

         Joshua Hulsey
         98 West Lakeview Drive
         Temple, GA 30179

         Integon General Insurance Corporation
         Corporation Service Company
         100 Shockoe Slip, 2nd Floor
         Richmond, VA 23219

## COMPLAINT

COMES NOW the plaintiff, Stephanie A. Brown, by counsel, and moves the Circuit Court of the City of Portsmouth, Virginia for judgment against the defendants, Nikloads, LLC and Joshua Hulsey, jointly and severally, in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for compensatory damages, together with her costs expended in this proceeding and pre-judgment interest from January 27, 2020 and post-judgment interest as allowed by law. In support of this Complaint, the plaintiff states as follows:

1



EXHIBIT 1

1. The plaintiff, Stephanie A. Brown, is a citizen and resident of the City of Portsmouth, Virginia, within the jurisdiction of this Court.

2. Defendant Nikloads, LLC is a limited liability company organized and existing pursuant to the laws of the State of Georgia, with its principal place of business located in Douglasville, Georgia, and at times relevant hereto this defendant has purposefully conducted business within the City of Portsmouth, Virginia, within the jurisdiction of this Court, including by means of the operation of one or more of its tractor-trailer trucks on roadways and streets in the City of Portsmouth, Virginia, within the jurisdiction of this Court.

3. Upon information and belief defendant Joshua Hulsey is a resident of Temple, Georgia.

4. On or about January 27, 2020 at approximately 6:00 p.m., the plaintiff, Stephanie A. Brown, was operating a motor vehicle in a northbound direction on Effingham Street in the City of Portsmouth, Virginia, within the jurisdiction of this Court, and was in the designated left turn lane at the intersection of Effingham Street with the on-ramp for I-264 westbound in order to make a left turn at the on-ramp for I-264 westbound to go from northbound Effingham Street and get on westbound I-264.

5. At the time and place aforesaid, defendant Joshua Hulsey, while in the course and scope of his employment for defendant Nikloads, LLC, was a permissive user driving a 2016 Freightliner Cascadia tractor with attached trailer (a tractor-trailer truck) owned and operated by defendant Nikloads, LLC, and was operating said tractor-trailer in a northbound direction on Effingham Street in the City of Portsmouth, Virginia, within the jurisdiction of this Court, in a lane to the right of the designated left turn lane in which the vehicle operated by the plaintiff, Stephanie A. Brown, was located.

6. At the time and place aforesaid, it was the duty of defendant Joshua Hulsey to operate the tractor-trailer truck he was driving safely and lawfully and with reasonable care and due regard for the safety of other motorists and persons on the roadway.

7. Notwithstanding said duties, defendant Joshua Hulsey did then and there so negligently, recklessly and carelessly operated the tractor-trailer truck he was driving that he attempted to make a left turn to get on the on-ramp for westbound I-264 from a straight through lane on northbound Effingham Street, to the right of the designated left turn lane intended for use by vehicles making a left turn at that location to go onto the on-ramp for westbound I-264, and to the right of the vehicle operated by the plaintiff that was located in the designated left turn lane, and drove the said tractor-trailer truck into and against the vehicle operated by the plaintiff, thereby causing a collision between the tractor-trailer truck operated by defendant Joshua Hulsey and the automobile operated by the plaintiff, which collision caused the plaintiff to be injured and suffer related damages. Defendant Joshua Hulsey was then and there negligent in that he:

    a. attempted to make a left turn from an improper lane;

    b. made an unsafe lane change into another lane that was occupied by another vehicle;

    c. failed to keep a proper lookout;

    d. failed to give full time and attention to the safe and proper operation of his vehicle;

    e. failed to maintain control of his vehicle; and

    f. was otherwise negligent.

8. The negligence of defendant Joshua Hulsey constituted a proximate cause of the collision and of the injuries and damages sustained by the plaintiff.

3

9. As defendant Joshua Hulsey was in the course and scope of his employment for defendant Nikloads, LLC at the time of the subject collision, defendant Nikloads, LLC is legally responsible for the negligence of defendant Joshua Hulsey pursuant to the doctrine of respondeat superior.

10. As a direct and proximate result of the negligence of defendants, the plaintiff sustained serious and painful injuries, some or all of which are or may be permanent; she has suffered physical pain, suffering and mental anguish, and these will or may continue in the future and may be permanent; she has incurred substantial expenses for hospital, doctors and related medical care and treatment of her injuries, and in the future she will or may continue to incur such expenses in an effort to be cured and healed and reduce her pain; she has been caused to miss time and lose earnings and benefits from her employment, and to suffer a loss of earning capacity, and in the future she will or may continue to lose time, income and earning capacity as well as other benefits from her employment; and she has been unable to perform all of the usual and personal activities and affairs of a woman of her age and position in life, and in the future she will or may continue to be unable to perform some or all of such activities and affairs.

11. Pursuant to Virginia Code § 38.2-2206, Integon General Insurance Corporation is hereby named as an uninsured and/or underinsured motorist carrier for purposes of service of process as though this insurer was a party defendant herein.

WHEREFORE, the plaintiff, Stephanie A. Brown, demands a jury trial and she respectfully requests that she be awarded a judgment against the defendants, Nikloads, LLC and Joshua Hulsey, jointly and severally, in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for compensatory damages, together with her costs expended in this proceeding

and pre-judgment interest from January 27, 2020 and post-judgment interest as allowed by law, as well as such other and further relief in the plaintiff's favor as this Court may deem appropriate.

THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE HEREIN.

STEPHANIE A. BROWN

By _____
Of Counsel

John E. Basilone, Esq.
VSB No.: 28851
Goss & Fentress, PLC
735 Newtown Road, Suite 100
Norfolk, VA 23502
Telephone (757) 466-1095
Facsimile (757) 461-4670
E-mail: jbasilone@gossandfentress.com

5