IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
DEC - 4 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

STEPHANIE A. BROWN,

    **Plaintiff,**

v.

                                                            CIVIL ACTION NO. 2:20-cv-493

NIKLOADS, LLC,

And

JOSHUA HULSEY,

    **Defendants.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Stephanie A. Brown's ("Plaintiff") Motion to Remand this case to the Circuit Court for the City of Portsmouth, Virginia for the Defendants' failure to remove the case to federal court within the thirty (30) day time period required under 28 U.S.C. § 1446(b)(1). ECF No. 6. The Defendants' responded in opposition and the Plaintiff replied. ECF Nos. 8, 9. Having been fully briefed, this matter is ripe for judicial determination. For the reasons below, Plaintiff's Motion to Remand is **GRANTED**.

          **I.**     **FACTUAL AND PROCEDURAL HISTORY**

This case is based on a civil action for personal injuries arising out of a motor vehicle collision in Portsmouth, Virginia. According to the Complaint, on January 27, 2020, Plaintiff was operating a motor vehicle on Effingham Street in Portsmouth when she was struck by a tractor-trailer owned and operated by defendant Nikloads, LLC ("Nikloads") that was being driven by its driver employee, defendant Joshua Hulsey ("Hulsey"), while in the course and scope of his employment. ECF No. 1 at Exhibit 1. On August 10, 2020, Plaintiff filed a Complaint in the Circuit

1

Court for the City of Portsmouth, Virginia against defendants Nikloads and Hulsey alleging $750,000 for compensatory damages. *Id.* The state court action was assigned civil action number 3:20-cv-762. *Id.*

On August 26, 2020, the Commissioner of the Virginia Department of Motor Vehicles ("DMV") transmitted the Summons and Complaint in this civil action, along with an attached Notice from the DMV, to Hulsey at his address in Temple, Georgia by means of certified mail. *See* Va. Code Ann. § 8.01-308 and 310[1]; *See* ECF No. 6 at Exhibit 1. On August 29, 2020, Hulsey received the Summons and Complaint along with a Notice from the DMV. *Id.* at Exhibits 1 and 2. Notably, the "green card" receipt was signed by Husley when he received the Summons, Complaint, and Notice on August 29, 2020. *Id.* On September 29, 2020, thirty-one (31) days after receiving service of process, Hulsey removed the case to the United States District Court for the Eastern District of Virginia (Norfolk Division). ECF No. 1. Defendant Nikloads filed its Notice of Consent to Removal on October 2, 2020. ECF No. 4.

On October 28, 2020, Plaintiff filed a Motion to Remand to State court. ECF Nos. 6. Defendants responded in opposition and Plaintiff replied. ECF Nos. 8, 9.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction

---

[1] Any operation in the Commonwealth of a motor vehicle by a nonresident, including those nonresidents defined in subdivision 2 of § 8.01-307, either in person or by an agent or employee, shall be deemed equivalent to an appointment by such nonresident of the Commissioner of the Department of Motor Vehicles, and his successors in office, to be the attorney or statutory agent of such nonresident for the purpose of service of process in any action against him growing out of any accident or collision in which such nonresident, his agent, or his employee may be involved while operating motor vehicles in this Commonwealth. Acceptance by a nonresident of the rights and privileges conferred by Article 5 (§ 46.2-655 et seq.) of Chapter 6 of Title 46.2 shall have the same effect under this section as the operation of such motor vehicle, by such nonresident, his agent, or his employee. Va. Code Ann. § 8.01-308.

2

has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A defendant may remove any action from state court to federal court in which the federal court has jurisdiction. *See* 28 U.S.C. § 1441(a), (b). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Specifically, a defendant must file the notice of removal within 30 days after the receipt by the "defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." 28 U.S.C.A. § 1446(b). When a case involves multiple defendants, if all of the defendants are served on the same day, the notice of removal must be filed within thirty days of the date of service, and all the defendants must consent to and join the notice of removal. *See Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir.1985) (noting that "all of the defendants must agree to the removal of the state court action"). Moreover, the *McKinney* Intermediate Rule requires a notice of removal to be filed within the first-served defendant's thirty-day window but gives later-served defendants thirty days from the date they were served to join the notice of removal. *See McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924 (4th Cir. 1992); *see also, Barbour v. Int'l Union*, 640 F.3d 599, 607 (4th Cir. 2011).

A motion to remand may be submitted after removal of a case from state court, but the motion must be filed within thirty days of removal, unless the defect asserted is subject matter jurisdiction. 28 U.S.C. § 1447. On a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Removal jurisdiction is strictly construed in light of federalism concerns. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th

3

Cir. 1994). Therefore, if federal jurisdiction is doubtful, remand to state court is required. *See Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). In examining whether the Court has subject matter jurisdiction over a case, the Court looks at the allegations and claims set forth in the Complaint. *See Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014).

### III.  DISCUSSION

#### A. The Receipt Rule

The federal removal statue provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The defendant bears the burden of proof in a removal action. *See Leverton v. AlliedSignal, Inc.*, 991 F.Supp. 481, 483 (E.D.Va.1997) ("The advocate of the federal forum carries the burden of demonstrating compliance with the 30–day removal period mandated by Section 1446(b).") (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994)). The thirty-day window for removal is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d

160, at 163 (4th Cir. 1997). Moreover, removal statutes are to be construed strictly, narrowly, and against removal. *See Kluksdahl v. Muro Pharmaceutical, Inc.*, 886 F.Supp. 535, 539 (E.D.Va.1995) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, (1941)). The first-served defendant "must petition for removal within thirty days" from when they receive service. *See McKinney*, 955 F.2d 924, at 926. Accordingly, if the first-served defendant does file a notice of removal, the later-served defendants may either join the notice or decline to do so. *Barbour v. Int'l Union*, 640 F.3d 599, 611 (4th Cir. 2011)

Plaintiff argues that the defendant Husley did not properly remove the instant case to federal court within the 30-day period, which Plaintiff contends commenced on August 29, 2020—the date that Hulsey received the Summons and Complaint along with the attached Notice from the DMV by certified mail. ECF No. 6. at Exhibits 1 and 2. Accordingly, Plaintiff urges the Court to adopt the "receipt rule" for computing the time in which a defendant must remove a case to federal court. Defendants, on the other hand, argue that while the Summons and Complaint were delivered to Hulsey's address on August 29, 2020, Hulsey was not at his house at that time and he did not actually possess the Summons and Complaint until September 1, 2020. *See* ECF No. 8 at 3. Thus, Defendants urge the Court to follow a rule of "actual possession." *Id.*

There exists a split of authority respecting the commencement of the 30–day period provided in Section 1446(b). On one hand, historically a majority of federal circuit courts have adopted the "receipt rule," which holds that the 30–day period commences when the defendant actually receives a copy of the initial pleading setting forth the claims for relief.[2] However, other courts

---

[2] See *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839 (5th Cir.1996) (reversed by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, (1999)); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994) (reversed by *Murphy Bros., Inc.*); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993); *Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y. 1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F.Supp. 881 (E.D. Mich. 1992); *Pillin's Place, Inc. v. Bank One*, 771 F.Supp. 205 (N.D. Ohio 1991); *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27 (N.D. Ill. 1987).

have followed the "proper service rule," under which the language of Section 1446(b) is interpreted to mean that the statutory time period commences only upon proper service of process.[3]

In the Eastern District of Virginia, courts have adopted the "receipt rule" and held that the 30-day period commences when the defendant comes into possession of a copy of the initial pleading, without regard to whether the delivery thereof satisfies the formalities of state service-of-process rules. *See, e.g., Miller v. Chemetron Fire Sys., Inc.*, Civ.A.No.2:94CV1264, 1996 WL 650141, at *3 (E.D.Va. July 1, 1996); *Barreca v. Air Structures, Inc.*, Civ.No.3:93CV711, 1994 WL 827110 (E.D.Va. Jan. 24, 1994); *Kluksdahl v. Muro Pharmaceutical, Inc.*, 886 F.Supp. 535, 539–40 (E.D.Va.1995); *Hamilton v. Chrysler Corp.*, No. Civ.A.96–0992–R, 1997 WL 17662, at *1 (W.D.Va. Jan. 16, 1997); *Moore v. K–Mart Corp.*, Civ.A.No.94–0057–L, 1994 WL 824518 (W.D.Va. Dec. 15, 1994); *Shoemaker v. GAF Corp.*, 814 F.Supp. 495, 498 (W.D.Va.1993); *Murphy v. Allora*, 977 F. Supp. 748, 750 (E.D. Va. 1997).

Notably, in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, the United States Supreme Court held that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, at 348 (1999).

Therefore, consistent with other courts, the Court, based on the plain language of § 1446(b), also adopts the receipt rule rather than the proper service rule. The removal statute explicitly ties the running of the thirty-day removal period to "receipt by the defendant," and not to service on

---

[3] *See Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329 (D.S.C.1996); *Bullard v. Am. Airlines*, 929 F.Supp. 1284 (W.D.Mo.1996); *Estate ofBaratt v. Phoenix Mut. Life Ins., Co.*, 787 F.Supp. 333 (W.D.N.Y.1992); *Marion Corp. v. Lloyds Bank. PLC*, 738 F.Supp. 1377 (S.D. Ala. 1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Thomason v. Republic Ins., Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mut. Auto. Ins., Co.*, 542 F.Supp. 65 (N.D.Ga.1982) (Implied Overruling Recognized by Beal Bank, S.S.B. v. CJP, L.L.C., N.D.Ga., November 6, 1997).

the defendant. *See Kurihara v. CH2M Hill, Inc.*, 6 F. Supp. 2d 533, 535 (E.D. Va. 1998). Accordingly, the defendant's time to remove commences when he or she receives both service of the summons and complaint through formal process. *See Murphy Bros.* Nothing in the statute itself and the case law reasonably suggests any other interpretation, and the Court therefore will adopt the receipt rule for computing the time in which a defendant must remove a case to federal court. The Court declines to reject the receipt rule in light of the plain and clear language of the removal statute.

**B. Notice of Removal Was Not Timely Filed**

Having adopted the receipt rule, the next step is to apply that rule to the facts of this case to determine whether the notice of removal was timely filed. It is undisputed that on August 29, 2020, Hulsey received the Summons and Complaint along with an attached Notice from the DMV by certified mail. ECF No. 6. at Exhibits 1 and 2. The question, however, is whether receipt of both the Summons and Complaint with the Notice was sufficient to trigger the running of the removal period. Again, the plain language of § 1446(b) provides that receipt must be of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Based on *Murphy Bros.,* receipt is triggered by simultaneous service of the summons and complaint. 526 U.S. 344, at 348 (1999). Here, defendant Hulsey received the Summons and Complaint by certified mail with an attached Notice from the DMV, on August 29, 2020 at his address in Temple, Georgia pursuant to Va. Code Ann. § 8.01-308 and 310. *see*, ECF No. 6. at Exhibits 1 and 2. Notably, Hulsey signed the "green card" receipt when he received the Summons, Complaint, and Notice. *Id.* Although Defendants argue that Hulsey did not actually "lay eyes" on the Summons and Complaint until September 1, 2020, the removal statute explicitly starts the 30-day removal period to "receipt by the defendant" through proper formal service. ECF No. 8 at 3.

Therefore, the Court finds that defendant's Hulsey's period to remove commenced on August 29, 2020. Accordingly, Hulsey's removal to federal court, filed on September 29, 2020, was untimely.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. Plaintiff's case is remanded to the Circuit Court for the City of Portsmouth, Virginia.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 4, 2020

/s/
Raymond A. Jackson
United States District Judge